## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America** | : | **Case No.  1 : 00 CR 415** |
| **Plaintiff-Respondent,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **Robert Keith Abel** | : | **MEMORANDUM & ORDER** |
| **Defendant-Petitioner.** | : | |

Before the Court is *pro se* Petitioner Robert Keith Abel, who seeks relief pursuant to the All Writs Act, 28 U.S.C. § 1651.  (Doc. 32.)  Abel asks this Court to issue a writ of *coram nobis* or a writ of *audita querela.*  For the reasons set forth below, his Petition is **DENIED**.  Abel's motions to supplement his petition (Doc. Nos. 34 and 36) are **GRANTED**, as is his request that the Court take judicial notice of a decision rendered by Judge Patricia C. Fawsett in the United States District Court for the Middle District of Florida.  (Doc. 33.)

**Background**

Before Abel committed the crime related to this case, he pled guilty to aiding and abetting a bank robbery in DeBary, Florida for which the United States District Court for the Middle District of Florida sentenced him to 125 months of imprisonment and three years of supervised release.  He was released from prison on August 8, 2000.  *United States v. Abel*, 2010 U.S. Dist. LEXIS 33485, at *1 (M.D. Fla. Mar.  8, 2010).

Roughly one month later, on September 7, 2000, Abel robbed a bank in North Olmstead, Ohio.  (Doc. 32 at 4.)   After he was apprehended and indicted, he pled guilty to unarmed bank robbery, for which this Court sentenced him to 130 months of imprisonment and three years of

supervised release. That sentence was imposed on April 27, 2001. (*Id.*)

As a result of his conviction in Ohio, on March 7, 2002, the United States District Court for the Middle District of Florida revoked Abel's supervised release and sentenced him to an additional 24 months incarceration. That Court found that its 24 month sentence should run consecutively with the April 27, 2001 sentence imposed by this Court. (*Id.* at 5.)

Abel fully satisfied the April 27, 2001 sentence on March 24, 2010. Accordingly, he is now serving the March 7, 2002 sentence. The March 7, 2002 sentence is set to expire on March 24, 2012. (Doc. 36 at 3.) Abel is currently imprisoned in Petersburg, Virginia. (Doc. 32 at 31.)

**Discussion**

Because the writs sought by Abel are somewhat atypical, it is helpful to provide some background information. What is important to understand as an initial matter is that a writ of *coram nobis* and a writ of *audita querela* both enable a court to retroactively alter a judgment it has already issued. Broadly speaking, a writ of *coram nobis* challenges the sentence of a petitioner who has already been released from prison due to a fundamental error in the original proceeding. *United States v. Johnson*, 237 F.3d 751, 753 (6th Cir. 2001). A writ of *audita querela*, on the other hand, attacks the enforcement of a judgment that was correct at the time but which has been rendered unjust. *Ejelonu v. I.N.S., Dep't of Homeland Sec.*, 355 F.3d 539, 544 (6th Cir. 2004).

**A.     Argument**

Abel argues that relief is proper because he cannot receive adequate medical treatment in prison. In particular, Abel learned that, at some point before he started to serve his April 27, 2001 sentence, he contracted hepatitis-C. (*Id.* at 7.) Abel sought and continues to seek treatment for this condition while incarcerated, but contends that the medical care in prison is inadequate. He is concerned that his liver condition is worsening and that he will only be able to receive the treatment

-2-

he needs outside of prison. (*Id.* at 17.) Consequently, Abel asks this Court to retroactively reduce the April 27, 2001 sentence from 130 months to 120 months, changing the satisfaction date of the sentence from March 24, 2010 to May 24, 2009.[1] This adjustment would cause the March 7, 2002 sentence to expire on May 24, 2011, rather than March 24, 2012, making Abel immediately eligible for placement in a halfway house.

The Government makes two arguments. First, the Government asserts that, because Abel's petition actually challenges the conditions of his confinement, he should have filed a motion for habeas relief under 28 U.S.C. § 2241 rather than a petition under § 1691. (Doc. 35 at 3.) A § 2241 petition must be filed in the district in which Abel is confined rather than with the sentencing court. (*Id.* at 4.) *See In Re: Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Second, the Government contends that, even if Abel properly filed a petition under § 1691, *corum nobis* and *audita querela* are not grounds for relief since they can only be used to address errors in the underlying sentencing proceedings, and no such errors are present in this case.

**B.   Analysis**

As a threshold question, the Court must determine whether any statutory remedies are available to Abel. While Abel seeks relief under the All Writs Act, it is only a "residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Corr. v. United States Marshals Service*, 474 U.S. 34, 43, 106 S. Ct. 355, 88 L. Ed. 2d 189 (1985).[2] In

---

[1] Abel erroneously stated that reducing the April 27, 2001 sentence from 130 months to 120 months would change the satisfaction date of such sentence to June 24, 2009. (Doc. 36 at 7.)

[2] Section 1691(a) of the All Writs Act gives federal courts the power to issue all writs necessary or appropriate "to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Tel. Co.*, 434 U.S. 159, 192, 98 S. Ct. 364, 54 L. Ed. 376 (1977).

other words, when "a statute specifically addresses the particular issue at hand, it is that authority, not the All Writs Act, that is controlling." *Id.*

Here, it does not seem that any statutory remedy is available. The Government's argument to the contrary notwithstanding, habeas relief under 28 U.S.C. § 2241 does not apply in this case. The statute "is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits." *Sullivan v. United States*, 90 Fed. Appx. 862, 863 (6th Cir. 2004).[3] Abel's arguments are directed at the quality of his medical care – i.e., the conditions of his confinement – so he cannot seek relief under § 2241. Because no statutory remedy is available to Abel, it is appropriate for the Court to turn to the All Writs Act.

The first writ sought by Abel is the writ of *coram nobis*. This writ is an extraordinary remedy, which can be used in the criminal context to collaterally attack a federal conviction *once a petitioner is no longer in custody*. *See United States v. Morgan*, 346 U.S. 502, 511, 98 L. Ed. 248, 74 S. Ct. 247 (1954). *See also Johnson*, 237 F.3d at 753. Notwithstanding the fact that the custody term imposed by *this* Court has expired, Abel remains incarcerated in federal prison. A writ of *coram nobis* does not apply in that circumstance. *See id.*

Abel also seeks a writ of *audita querela*, which is "a means of attacking a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991). A court "may mitigate a judgment's

---

[3] Although the Government never argues to the contrary, it is worth nothing that relief under 28 U.S.C. § 2255(a) is not available to Abel as the sentence imposed by the Court was not in violation of the Constitution or laws of the United States, imposed without jurisdiction, greater than the statutory maximum, or otherwise subject to collateral attack.

collateral consequences through a writ of *audita querela* issued for equitable reasons, regardless of the presence of legal defect in the original proceeding." *Ejelonu*, 355 F.3d. at 548. Other Courts of Appeals disagree with this holding and have found that equitable grounds alone are insufficient to support issuance of a writ of *audita querela*. *See*, *e.g.*, *Doe v. INS*, 120 F.3d 200, 204-05 (9th Cir. 1997); *United States v. Johnson,* 962 F.2d 579, 582 (7th Cir. 1992); *United States v. Ayala*, 894 F.2d 425, 429 (D.C. Cir 1990). This Court is bound by the Sixth Circuit's pronouncements on this issue, however, and the most recent decision from that Court on this issue is that set forth in *Ejelonu*, cited above. Abel concedes that there were no legal defects in the original proceedings. (Doc 32 at 29.) This case, therefore, turns on whether the Court should issue the writ for equitable reasons.

Courts may only issue writs of *audita querela* for equitable reasons in order to avoid sentences that are grossly disproportionate to the offense. *Ejelonu*, 355 F.3d at 551. It appears that no federal court has ever interpreted this writ to encompass situations involving inadequate medical care in prisons.[4] Indeed, courts rarely issue writs of *audita querela* at all.[5] This Court declines to extend the writ because the April 27, 2001 sentence imposed by this Court was consistent with sentencing guidelines and in no way disproportionate to the offense Abel committed. The Court also declines to issue an order which would have the effect of shortening a sentence imposed by another federal court with jurisdiction over Abel. While the Court sympathizes with Abel and the difficulties with his health, the Court finds no basis to justify a writ of *audita querela*.

**Conclusion**

---

[4] Even Abel recognizes that "he faces an insurmountable task in convincing this Court that *audita querela* relief" should be issued. (Doc. 32 at 25.)

[5] Courts most typically issue writs of *audita querela* in immigration cases. *See Ejelonu*, 355 F.3d at 544.

For the aforementioned reasons, the Court **DENIES** Abel's Petition for Writ of *Audita Querela*/Writ of Error *Coram Nobis* Pursuant to the All Writs Act, 28 U.S.C. § 1651.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley<br>**KATHLEEN McDONALD O'MALLEY**<br>**UNITED STATES DISTRICT JUDGE**

**Dated: July 15, 2010**